IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM JONES, SR.,
      Plaintiff,

vs.                                    Case No.: 3:09cv269/MCR/EMT

STATE OF FLORIDA, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).

Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Upon review of the complaint, it appears that this case should be dismissed as malicious.

Question B of Section IV of the complaint form asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1 at 5). Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes" and then listed a case he brought against "Judge Linsay and Prosecutor Adkinson" in this District claiming false imprisonment, which was assigned to Magistrate Judge Susan Novotny and dismissed soon after it was filed because, as Plaintiff states, "[Plaintiff] did not know how to litigate his claim" (*id.*).  According to the court's docket, Case No. 3:98cv411/LAC/SMN was assigned to this case.  Thus, Plaintiff has in effect stated that, besides Case No. 3:98cv411/LAC/SMN,  he has initiated no other lawsuits in federal court dealing with the same or similar facts or issues involved in the instant action.

Question C of Section IV of the complaint form asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1 at 6). Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes" and then listed a case he filed against the State of Florida in this District in April of 2009 claiming false imprisonment, which was assigned to the undersigned and dismissed for Plaintiff's failure to truthfully answer the questions on the complaint form (*id.*). According to the court's docket, Case No. 3:09cv155/LAC/EMT was assigned to this case. Thus, Plaintiff has in effect stated that, besides Case No. 3:98cv411/LAC/SMN and Case No. 3:09cv155/LAC/EMT, he has never initiated other actions in federal court that relate to the fact or manner of his incarceration or the conditions of his confinement.

Question D of Section IV of the complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (Doc 1 at 6). Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes" and then listed Case No. 3:09cv155/LAC/EMT (*id.*). Thus, Plaintiff has in effect stated that, besides Case No. 3:09cv155/LAC/EMT, he has never had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 8).

Upon review of the docket, this court takes judicial notice that as of the date Plaintiff filed the complaint in the instant case, June 18, 2009 (*see* Doc. 1 at 8), he had previously filed <u>Jones v. Atkinson, et al.</u>, Case No. 3:00cv397/RV/MD and <u>Jones v. Lindsey, et al.</u>, Case No.

3:97cv208/LAC/MD in this District Court.[1]  Both of those cases were dismissed prior to service. Plaintiff did not list either of these cases in Section IV of his complaint (*see* Doc. 1 at 5–6).

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995.  *See* 28 U.S.C. § 1915(g).  The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action.  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations.  Plaintiff has affirmatively misrepresented the facts to this court.  Furthermore, Plaintiff's nondisclosure is inexcusable.  Plaintiff knew that disclosure of his prior actions was required and that dismissal of the instant action may result from his untruthful answers, since Case No. 3:09cv155/LAC/EMT, which was dismissed for Plaintiff's failure to list Case No. 3:98cv411/LAC/SMN, Case No. 3:00cv397/RV/MD, and Case No. 3:97cv208/LAC/MD in Section IV of the complaint form, was dismissed less than one month prior to Plaintiff's filing the complaint in the instant case, and the Report and Recommendation in that case specifically identified those cases.  Furthermore, the Report and Recommendation warned Plaintiff that such false responses filed in any future case would not be ignored and may result in more severe and long-term sanctions. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  This sanction will result in his being deemed a "three striker" under 28 U.S.C. § 1915(g), thereby precluding him from receiving in forma pauperis status in any civil action or appeal in a civil action unless he demonstrates that he is under imminent danger of serious physical injury.

---

[1]According to the docket, the inmate number of the plaintiffs in Case Nos. 3:00cv397/RV and 3:97cv208/LAC (#847430) is the same as Plaintiff's (*see* Doc. 1 at 2).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 7<u>th</u> day of August 2009.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**